[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Both parties appeared and were represented by counsel and proceeded on plaintiff's complaint dated September 14, 1995.
Having heard the evidence, the court finds as follows:
The plaintiff and defendant, whose maiden name was Vachon, intermarried at Norwich, Connecticut, on February 5, 1972; that the plaintiff resided in the State of Connecticut for a period of twelve months next preceding the date of the filing of this complaint; that there are no minor children issue of the marriage; that the marriage has broken down irretrievably and that there is no hope of reconciliation; and that neither party is receiving assistance from any state or local agency.
At the time the parties married, the defendant had a minor daughter from a previous relationship. After the parties married, the plaintiff adopted the defendant's minor daughter. In May 28, 1973, a son of the parties was born. Both children are now adults.
According to plaintiff, the marriage with the defendant changed after the birth of their son. He testified CT Page 5578-ZZZ that the defendant developed psoriasis, a skin disease; that as a result of same, she became withdrawn; that communications between the parties decreased substantially and that the parties' sexual relations diminished.
At the time of the marriage, the defendant knew that the plaintiff drank excessively. She testified that their marital problems began in 1974 when, because of plaintiff's drinking, they had sex once a month and sometimes less.
Because of her feeling that the marriage was not going well, defendant instituted dissolution proceedings August 5, 1985. At that time, defendant obtained an ex parte restraining order requiring the plaintiff to leave the home.
In an attempt to save the marriage, plaintiff stopped drinking and participated in counseling for six or seven visits. Defendant withdrew her dissolution proceedings and plaintiff returned home. After nine months of abstinence, the plaintiff began drinking again and the same marital problems continued.
The defendant became involved with Michael Gauvin, a co-employee, she met in 1980 at Shop Rite. They would go out dancing and socializing with other employees. She also spent time at his home watching movies and talking. Although plaintiff did not appreciate this, he still tried to make the marriage work.
In 1993, plaintiff, who was injured in a car accident, was charged with driving under the influence. After leaving the hospital, defendant took the alcohol education course and has abstained from drinking since his discharge from the hospital.
During 1995, defendant left the marital home four times. She would move in with Michael Gauvin for a short period of time and then return to the marital home. After Christmas, 1995, she left the marital home permanently and rented an apartment in Baltic, Connecticut. She presently rents an apartment at Cambridge Estates in Norwich, Connecticut.
During June, 1995, defendant engaged in sex with Michael Gauvin. He still visits defendant at her apartment and has sexual relations with her. However, they do not plan to get married. CT Page 5578-AAAA
When plaintiff learned of defendant's sexual activity with Michael Gauvin, he instituted this dissolution proceedings by complaint dated September 14, 1995.
When the defendant married the plaintiff, he was employed by the Norwich Department of Public Utilities (NDPU). He advanced to crew chief and remained as such for seven years. Because of the stress of the job and his marital problems, plaintiff asked to be demoted to the position of lineman A, a position he still occupies.
Plaintiff's income varies depending upon the amount of overtime he puts in. His normal work hours are 8 a.m. to 4:30 p.m. His hourly rate of pay is $22.72. From January 1, 1996, through July 27, 1996, plaintiff earned $39,257.30, which includes overtime. His total deductions were $11,157. See Plaintiff's Exhibit E. Plaintiff's average weekly income for said period is $936.68.
Plaintiff, who was born March 22, 1947, has a high school education. His physical health is good, although he claims his nerves and emotions are affected by the dissolution proceedings. He requires medication to obtain a good night's sleep. His prospects for continued employment appear good.
At the time the parties first met in January, 1971, the defendant was a secretary for the NDPU. She continued in this employment until she became pregnant with her son.
In 1978, the defendant became employed at Shop Rite working five days a week from 3 p.m. to 9 p.m. From December 30, 1995, through August 3, 1996, defendant's gross weekly income averaged $328.28, and her net weekly income averaged $225.14. Although defendant does not work fulltime, she has available to her an additional eight hours of employment at the Shop Rite deli at an hourly rate of $10.15.
The defendant, who was born June 13, 1949, is a high school graduate with some secretarial skills. She has been taking Valium for over 27 years for a stress and anxiety condition.
After her son was born on May 28, 1973, plaintiff developed psoriasis with resulting depression. During June, 1996, the defendant underwent surgery for the removal of a polyp CT Page 5578-BBBB which was benign.
In spite of her problems, defendant is employable. She claims she has requested more hours of work and would like to get training in computers.
During their marriage, the parties purchased their marital residence at 14 Pratt Avenue, Taftville, Connecticut. The property is valued at $85,000 and is subject to a mortgage with a present balance of $24,688.
Although the court finds that both parties have substantially contributed to the breakdown of the marriage, the court finds the defendant to be more at fault than the plaintiff. Although plaintiff wanted the marriage to continue, the defendant's affair with Michael Gauvin resulted in the present dissolution proceedings.
After considering the evidence and my findings in light of Connecticut General Statutes §§ 46b-81 and 46b-82 and other pertinent statutes, the tax implications and consequences of the financial awards set forth below, judgment may enter dissolving the marriage of the parties on the ground of irretrievable breakdown. It is further ordered that:
(1) The plaintiff shall pay to the defendant alimony for five years, her death, remarriage or cohabitation with an unrelated male, whichever is the first to occur. The alimony payment will be $200 per week for the first year, $150 weekly for the second year and $100 weekly for the last three years. Said alimony is nonmodifiable as to term only.
(2) The parties shall divide equally the Dime Savings Bank IRA and the U.S. Savings Bonds.
(3) The parties shall divide equally all the household furniture and furnishings, except that the defendant shall keep her Aunt Betty's antique wooden desk.
(4) The plaintiff shall own the 1972 MGB convertible and the 1995 Dodge pickup truck, and hold the defendant harmless from any liens and/or encumbrances presently thereon.
(5) The defendant shall own the 1991 Nissan 240SX, and hold the plaintiff harmless from any liens or encumbrances CT Page 5578-CCCC presently thereon.
(6) The defendant shall keep all bank accounts solely in her name.
(7) The plaintiff shall keep all bank and credit union accounts solely in his name.
(8) Each party shall own the life insurance policies listed on their financial affidavits.
(9) The defendant shall quitclaim to the plaintiff all her right, title and interest in and to the marital residence located at and known as 14 Pratt Avenue, Taftville (Norwich), Connecticut. The plaintiff shall pay to the defendant for her interest the sum of $20,000 on or before November 15, 1996. The plaintiff shall assume any liens, mortgages or encumbrances presently thereon and hold the defendant harmless for any claim thereon.
(10) There is assigned and vested in the defendant 35 percent of the present value of the plaintiff's pension with NDPU, by way of a Qualified Domestic Relations Order (QDRO).
(11) Each party shall pay their own attorney's fees.
Paul M. Vasington State Referee